IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JERRY PATTERSON, PLAINTIFF

v. Civil Action No.: 1:08CV13-SAA

MICHAEL J. ASTRUE,
Commissioner of Social Security, DEFENDANT

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Jerry Patterson for disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff applied for benefits on or about March 15, 2005, initially alleging that he became disabled in March 2000,[1] due to alcoholism, post traumatic stress disorder, arthritis and back problems. The ALJ denied plaintiff's claim on July 23, 2007, and on November 13, 2007 the Appeals Council issued an order affirming the ALJ's decision. The plaintiff filed the instant case on January 16, 2007.[2] The plaintiff's case is fully briefed and ripe for review. In

---

[1] During the hearing in this case, on July 11, 2007, the plaintiff amended his alleged onset date to October 13, 2006. (Tr. 17, 52).

[2] The court's jurisdiction in this case is conferred by 42 U.S.C. §405(g) which states in part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party. . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of the notice of the decision. . . ." This sixty-day limit is a prerequisite to this court having subject matter jurisdiction over a case, and failure to meet the requirement, without showing of good cause for the failure, is grounds for dismissal of the case. *See Bohn v. Finch*, 320 F.Supp 270 (E.D. La 1970); *Chiaradonna v. Schweiker*, 569 F. Supp. 1471 (D.C. Cir. 1983). Under 20 C.F.R. §422.301(c), the claim must actually be brought within sixty-five days after the date of the notice as there is a presumption of five days reasonable mailing time. After reviewing the applicable statutes and regulations, the

1

accordance with the provisions of 28 U.S.C. § 636(c), the parties have consented to have a magistrate judge conduct all the proceedings in this case, and the undersigned has authority to enter this memorandum opinion and make final judgments in this case.

## BRIEF FACTUAL SUMMARY

The plaintiff was born in 1950 and was fifty-six (56) years old at the time of the ALJ's decision in this case. (Tr. 47). Plaintiff obtained an associate's degree in drafting and design. (Tr. 48). His past relevant work was as a skilled engineer, processing engineer, and manufacturing manager. (Tr. 24). As noted above, he has alleged that he became disabled on October 13, 2006, due to due to alcoholism, post traumatic stress disorder, arthritis and back problems. (Tr. 83).

The ALJ found that the plaintiff met insured status requirements of the Social Security Act through December 31, 2009. Upon review of the medical evidence, testimony at the hearing and the record in this case, the ALJ determined that the plaintiff suffered from chronic lumbar pain syndrome and osteoarthritis. (Tr. 19). However, the ALJ determined that these impairments did not meet or equal the impairments contained in the listings. (Tr. 21). Regarding the plaintiff's residual functional capacity (RFC), the ALJ determined that the plaintiff retained the ability to perform medium work except that he requires a sit/stand option. (Tr. 21). Based on these findings, the ALJ concluded that the plaintiff was capable of returning to his past relevant work as a skilled engineer, processing engineer and managing engineer. (Tr. 24).

On appeal to this court the plaintiff raises the following issues:

---

court has determined that this court has proper jurisdiction over the case due to the fact that the plaintiff filed his complaint on the 64th day and therefore within the 65-day time limitation.

> 1. Whether the plaintiff is under a disability.
> 2. Whether the plaintiff has severe combinations of impairments which render him unable to be substantially, gainfully employed for a period of at least 12 months.
> 3. Whether the ALJ misinterpreted the plaintiff's medical records and substituted his own knowledge in place of the plaintiff's physicians' expert opinions.
> 4. Whether the ALJ erred in his hypothetical question to the vocational expert concerning the claimant's ability to return to any substantial gainful activity.

Docket 12, p. 6 - 10. These arguments fall into two basic categories: whether the ALJ's decision was based on substantial evidence and whether the ALJ erred in his hypothetical question posed to the Vocational Expert.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[3] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[4] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[5] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[6] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[7] If

---

[3] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[4] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[5] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[6] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[7] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any

plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[8] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[9] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[10]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

In the instant case the ALJ concluded plaintiff's chronic lumbar pain syndrom and osteoarthritis were "severe" under the meaning of the Act. (Tr. 19). Nevertheless, at step three the ALJ found that the plaintiff's limitations did not meet or equal any impairment listed at 20

---

gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

[8]20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[9]20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[10]*Muse*, 925 F.2d at 789.

CFR part 404, subpart P, app. 1 (2008). (Tr. 21). After reviewing the medical records as a whole and considering the credibility of the plaintiff's subjective complaints, including a detailed discussion of the plaintiff's symptoms and factors considered in determining credibility, the ALJ held that the plaintiff retained the residual functional capacity [RFC] to perform medium work with a sit/stand option to alleviate pain and discomfort. (Tr. 21-24). By utilizing the testimony of a vocational expert, the ALJ determined at step four that the plaintiff was capable of returning to his past relevant work as a skilled engineer, processing engineer, and manufacturing manager. (Tr. 24). In so finding, the ALJ determined that the plaintiff was not disabled pursuant to the Act.

## DISCUSSION

Substantial Evidence

Substantial evidence has been defined by the Fifth Circuit as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). In this case, the ALJ based his RFC determination on the findings of state medical consultant, Dr. Sharon Kim Scates, Ph.D. and consultative physician Dr. Robert Tatum, M.D., as well as plaintiff's testimony and statements from plaintiff's wife about his daily living, complaints and conditions. (Tr. 24). The court's review of the other medical evidence of record convinces it that the ALJ's determination was fully supported by the evidence.

The plaintiff initially alleged an onset date of 2000. Although plaintiff amended this date to October 13, 2006 after plaintiff's own admission that he had returned to work full time in 2006, there is little medical evidence to support claims that plaintiff's medical condition

5

worsened at that time.  Rather plaintiff's arguments are based on medical records that predate the plaintiff's own admission that he was able to return to full time work in 2006.  Plaintiff argues that the ALJ mischaracterized the medical opinions and substituted his own opinions for those of the physicians, but he cannot point to any medical records that even partially corroborate his claims that he is unable to stand for more than one minute at a time, nor is there any medical evidence to show that plaintiff was told to curtail or limit any activities due to any of his claimed impairments.  (Tr. 309).

It is peculiarly within the province of the ALJ to make determinations regarding credibility of the evidence.  *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988).  Where medical evidence provides a basis for a plaintiff's complaints, an ALJ's finding that the complaints are incredible will not be upheld by a reviewing court unless the ALJ weighed the medical evidence and articulated his reasons for disbelieving the complaints.  *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988).  There is considerable lack of supporting medical evidence in this case. Notwithstanding, once a medical impairment is established, the subjective complaints of pain must be considered along with the available medical evidence in determining the individual's work capacity.  *See* 20 C.F.R. 404.1529(a).  The evaluation of the plaintiff's subjective symptoms is particularly within the ALJ's discretion as he has had an opportunity to observe the plaintiff.  *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988).

In this case, the plaintiff testified of severe, disabling pain and amazing limitations on his ability to function, including his inability to stand for more than a minute at a time.[11]  (Tr. 309).

---

[11] Plaintiff apparently made this statement to Dr. Tatum in March 2007 during an examination.  (Tr. 309).  Plaintiff's own testimony at the hearing before the ALJ was that he could stand for "Probably fifteen, twenty minutes" at a time.  (Tr. 57).

6

Although medical evidence alone is not the sole determining factor of the credibility of a plaintiff's subjective evidence, it is an important factor to consider. *Russell v. Sullivan*, 950 F.2d. 542, 545 (8th Cir. 1991). Subjective complaints must be corroborated, at least in part, by objective evidence. *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989). The record clearly reflects the ALJ's conscientious, clear consideration of the evidence as well as his consideration of numerous factors relating to the consideration of plaintiff's subjective complaints. The fact that the ALJ did not find that the plaintiff's level of pain was not as severe as plaintiff claimed is completely within the his discretion, and his determination cannot be said to be erroneous. Accordingly, the court finds that the plaintiff's claims of error regarding his subjective evidence of pain and credibility must fail.

Plaintiff next contends that the ALJ improperly substituted his own opinion for the medical opinions of Dr. Tatum. The plaintiff is correct that "as a lay person, the ALJ is simply not qualified to interpret raw medical data in functional terms." Docket Entry 12, p. 7, *citing Nguyn v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). It is the ALJ's task to evaluate the medical opinions in light of other information contained in the record. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). An ALJ is justified in rejecting an opinion of any physician, in whole or in part, when the opinion is contrary to the weight of the medical evidence. *Id.*

Dr. Tatum evaluated the plaintiff and completed a Medical Source Statement (MSS) in March 2007. (Tr. 309 - 315). The ALJ afforded significant weight to Dr. Tatum's narrative, but gave little weight to his MSS because the two opinions appeared to conflict. (Tr. 24). The plaintiff testified that he is able to lift a 50-pound bag of dog food on occasion, is able to walk an

eighth of a mile before becoming uncomfortable, can sit for about thirty minutes and can stand for fifteen or twenty minutes before becoming uncomfortable . (Tr. 56-57).

Dr. Tatum's narrative report indicates that the plaintiff can walk for twenty to thirty minutes at a time, can do household chores for about twenty minutes, can occasionally lift up to 200 pounds and can drive a car for about two hours. (Tr. 309). The MSS form states consistent limitations as to the functional restrictions, but differs regarding restrictions on plaintiff's ability to sit and stand and postural activities. (Tr. 312 - 313). The ALJ found that the sit/stand and postural limitations on the MSS form were inconsistent with plaintiff's normal gait and negative strait leg raising. (Tr. 24). This finding, in combination with the doctor's statement in his narrative report that the plaintiff has mild limitations at best and normal ambulation without any assistive device, provides an adequate basis for the ALJ's rejecting inconsistent portions of Dr. Tatum's assessment. (Tr. 310). The ALJ's determination of the plaintiff's RFC and his decision are supported by medical evidence, the plaintiff's testimony and the ALJ's objective observations of the plaintiff. The plaintiff has failed to point to any evidence, outside of the limitations in Dr. Tatum's MSS form, that would support his claims. As the ALJ supported his conclusions and RFC determination with adequate evidence contained in the record, the undersigned must conclude that the ALJ's decision is supported by substantial evidence as defined by the Fifth Circuit and should be upheld.

Under Social Security Ruling 82-61, an individual is to be found "not disabled" when it is determined that he retains the residual functional capacity to perform the actual functional demands and job duties of past relevant work. As the ALJ concluded that the plaintiff could return to his past work, he properly determined at step four of the sequential evaluation process

that the plaintiff was not disabled.   The ALJ did not err in concluding that the plaintiff was not disabled and is not entitled to benefits under the Act.

Hypothetical Question to the Vocational Expert

The plaintiff claims that "[t]he ALJ erred in the use of his hypothetical question and failed to include in the hypothetical whether the [plaintiff] would be effected [sic] by his inability to concentrate for a short period of time."  Docket 12, p. 10 - 11.  When the plaintiff's attorney asked whether inability to concentrate would affect the plaintiff's ability to do the jobs listed by the VE, the VE responded that plaintiff would not be able to perform the listed jobs if he had difficulty concentrating.  (Tr. 74 - 75).  During the hearing the plaintiff's attorney was unable to point to the medical evidence to support the plaintiff's inability to concentrate.  Likewise, plaintiff does not provide record citations to medical records noting an inability to concentrate.    The medical evidence in the record reveals that consultative physician Morris Alexander, M.D. performed a mental status evaluation upon plaintiff in May 2005, after which Dr. Alexander found that the plaintiff had good recall, denied flashbacks and otherwise had an unremarkable mental status.  (Tr. 20, 233 - 236).    Medical records from plaintiff's treatment at the Veteran's Administration showed plaintiff has good concentration, memory, judgment and insight.  (Tr. 20, 282, 290, 292).  The only possible reference to plaintiff's claimed inability to concentrate was in Dr. Tatum's evaluation where he opined plaintiff had some "mild restrictions in regards to focus and concentration as chronic alcohol has effected [sic] his brain and memory." (Tr. 310 - 311).  However, even with this opinion, there is more than substantial evidence to support the ALJ's determination that "with regard to the [plaintiff's] mental functional capacity

9

. . . his impairments are non-severe." (Tr. 24).

An ALJ is not bound to include in a hypothetical limitations which are based on evidentiary assumptions which he ultimately rejects. *See Owens v. Heckler* 770 F.2d 1276, 1282 (5th Cir. 1985). As there was substantial evidence in the record to show that the plaintiff's mental restrictions are non-severe, the ALJ did not err in failing to include such limitations in his hypothetical question to the VE. The court concludes that the ALJ's decision was based on substantial evidence and should be affirmed.

## CONCLUSION

In accordance with this memorandum opinion, a final judgment shall be issued this day.

THIS, the 1st day of December 2008.

       /s/ S. Allan Alexander
      UNITED STATES MAGISTRATE JUDGE